United States District Court
Southern District of Texas
**ENTERED**
June 07, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISON

| | |
|---|---|
| PEDRO OSCAR CASTILLO, JR., § <br> (TDCJ #02424040) § <br> § <br>    Plaintiff, § <br> § <br> v. § <br> § <br> CAMERON COUNTY, § <br> CARRIZALES-RUCKER CAMERON § <br> COUNTY DETENTION CENTER, § <br>    Defendants. § | CIVIL ACTION NO. 7:22-cv-413 |

## REPORT AND RECOMMENDATION

Plaintiff, Pedro O. Castillo, an inmate proceeding *pro se*, initiated this action on December 5, 2022, by filing a letter that has essentially set out a civil rights complaint against Cameron County regarding the conditions of a jail cell Plaintiff was housed in for a short period of time during September 2021. This matter was subsequently referred to the undersigned for consideration under 28 U.S.C. § 636(b). Pursuant to a deficiency order issued by undersigned on December 12, 2022, Plaintiff, utilizing a court approved pre-formatted civil rights complaint, filed an Amended Complaint on December 29, 2022. (Dkt. No. 6.) Prior to said filing, Plaintiff paid the required filing fee in lieu of seeking to proceed *in forma pauperis*. (*See* Dkt. Data Entry, dated Dec. 20, 2022.) On January 11, 2023, an order was issued advising Plaintiff that service of process would be withheld pending review of the compliant pursuant to 28 U.S.C. § 1915A screening process. (Dkt. No. 10.) On February 7, 2023, an Order requesting a more definite statement was sent to Plaintiff (Dkt. No. 24), and on February 23, 2023, Plaintiff filed his responses to the questions asked within the Order (Dkt. No. 28). On March 13, 2023, Plaintiff filed an additional

1

copy of his answers to the questions asked in the Order requesting a more definite statement. (Dkt. No. 29.)

After carefully considering Plaintiff's claims and relevant case law pursuant to said screening process, the undersigned recommends that Plaintiff's Amended Complaint be **DISMISSED with prejudice** for failure to state a claim under 28 U.S.C. § 1915A.

## I. FACTUAL BACKGROUND

Plaintiff alleges that on September 11, 2021, he was removed from his cell due to maintenance issues and was placed into a cell ("A6-186") that "had approximately 77 pieces of dry human stool on the ceiling." (Dkt. No. 6 at 4, ¶ V.) Plaintiff states that the 77 stains on the ceiling were approximately ½ - 2 ½ inches in diameter. (Dkt. No. 6-1 at 1.) Plaintiff says other inmates confirmed that the stains on the ceiling were human feces. (*Id.*) Plaintiff also states that upon entry into the cell he noticed "trash on the floor, several little nats (flys) [sic] flying around and there was an odd odor." (Dkt. No. 6-1 at 1.) Plaintiff states that he was kept in the contaminated cell for four days from September 11-15, 2021. (*Id.*) Plaintiff also claims that he informed various jail officers that the condition of the cell was a biohazard. (Dkt. No. 6-1 at 1 (handwritten copy of filed grievance).) Plaintiff alleges that Officer Lambert, Officer Castro, and Sergeant Olivarez (among others) either acknowledged or were aware of the condition of the cell. (Dkt. No. 6-1 at 1-2; *see also* Dkt. No. 28 at 1, ¶ 1(iii).) Plaintiff also states that while he did not exhaust all grievance procedures with jail officials regarding his claims, Plaintiff did file handwritten grievances with Officer Saenz and Officer Hugo Izaguirre. (Dkt. No. 28 at 1, ¶ 1.)

On September 12, 2021, Plaintiff advised Officer Lambert regarding the unsanitary condition of the cell. (Dkt. No. 6-1 at 1.) Officer Lambert told Plaintiff that the maintenance of Plaintiff's former cell was complete, and Officer Lambert would advise Sergeant Olivarez of the

situation and Plaintiff's request to be placed back into his original cell. (*Id.*) Plaintiff also filed a grievance form regarding the condition of the cell with Officer Saenz. (*Id.*)

Sometime thereafter, Corporal Aguilar spoke with Plaintiff regarding the condition of the cell. (Dkt. No. 28 at 1, ¶ 1(iv).) On September 17, 2021, Sergeant Almanza spoke with Plaintiff regarding the condition of the cell and told Plaintiff that the issue in the cell will be checked and pictures would be taken. (*Id.*; *see also* Dkt. No. 6-1 at 2.) When asked to provide more details regarding Plaintiff's conversation with Sergeant Almanza, Plaintiff responded "I told Sgt. Almanza about the incident that occurred in A6-186, and then I provided my reports to a female officer to give to him the next day. He told me he'll look into it." (Dkt. No. 28 at 1, ¶ 6.) Plaintiff is unaware of whether an investigation or other action took place after this conversation. (*Id.*)

In a letter dated January 3, 2023, advising the Clerk's Office an update as to Plaintiff's address, Plaintiff stated that he had "a small plastic bag which contained dry human stool ... that [Petitioner] was saving for 15 months to prove the incident occurred in single cell A6-186 at Carrizales-Rucker." (Dkt. No. 12 at 1.) Said bag was confiscated by state prison officials, per Plaintiff, as Plaintiff had been transferred from Cameron County officials to state officials to begin serving a prison sentence for two convictions from November 2022.

As relief, Plaintiff requests that the court "assign a U.S. Marshall/investigator to interview me and conduct an investigation." (Dkt. No. 6 at 4, ¶VI.)[1] Further, Plaintiff requests an investigation of the conditions and that justice be served. (Dkt. No. 6 at 4, ¶ VI.)[2]

After requesting a more definite statement from Plaintiff, Plaintiff indicated that during his stay in the contaminated cell he suffered a throat infection and received prescription antibiotics to treat the infection. (Dkt. No. 28 at 1, ¶ 4.) Plaintiff also stated that neither the doctor nor other medical personnel confirmed or suggested that the throat infection was a direct result of being held in the contaminated cell. (*Id.*) Further, in response to additional questioning, the Plaintiff complained of unsanitary conditions in other single cells, specifically M160 and M128. (*Id.*, ¶ 5.) Plaintiff alleges that he was kept in cell M160 around September and October of 2022, and there was dry human stool on the bottom wall of the shower and on the wall around the side of the bunk

---

[1] In Plaintiff's original letter complaint, Plaintiff requested that the court order testing for hepatitis, AIDS, or any other diseases that Plaintiff may be infected with because of his stay in the contaminated cell. (Dkt. No. 1 at 1.) However, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)). Because Plaintiff's Amended Complaint does not reference or otherwise incorporate the Original Complaint, only the allegations and requests for relief made in Plaintiff's Amended Complaint, and Plaintiff's responses to the questions contained in the Order for a more definite statement, will be considered by this court. Plaintiff has been admonished that only the facts contained within the Amended Complaint and responses to the subsequent Order for a more definite statement would be considered. (*See* Dkt. No. 24 at 3.)

[2] Plaintiff had submitted a second letter that was received by the Clerk's Office on December 16, 2022. (*See* Dkt. No. 3.) Within the letter, Plaintiff claims of being placed in other jail cells while in custody of Cameron County that contained dry stool but not to the extent as the cell he was held in in September 2021. (Dkt. No. 3 at 2.) Plaintiff also claims that Cameron County failed to comply with 37 Texas Admin. Code § 285.1 in providing three hours of supervised recreation per week. The Amended Complaint was filed on December 29, 2022. As stated previously, said claims within the noted letter will not be considered since they were not made a part of the Amended Complaint filed in late December of 2022. *See King*, 31 F.3d at 346. While *pro se* litigants' filings are reviewed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), said litigants still must comply with the Federal Rules of Civil Procedure. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) ("A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure.") Furthermore, based on review of the filings, Plaintiff's primary concern, and appropriately so considering the situation Plaintiff found himself in, was the duration he was held in the unclean cell in September 2021. (*See generally* Dkt. No. 6 (Amended Complaint).)

4

area. (*Id.*, ¶ 5(i)(b), (c).) Plaintiff alleges that he was kept in cell M128 around November and December of 2022, and there was a large stain of dry stool on the wall by the entrance and on the bottom wall of the shower. (*Id.*) Plaintiff did not file any grievances regarding the condition of the other cells and did not suffer any adverse health conditions while residing in either cell. (*Id.*, ¶ 5(i)(d), (e).)

## II. STANDARD OF REVIEW

Section 1915A states the following:

> (a) The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

Under § 1915A, when a prisoner brings a claim against a governmental entity, officer, or employee of a governmental entity, the court must review the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). Furthermore, a claim may be dismissed under § 1915A review before service on the defendants even if the prisoner has already paid the filing fee. *See Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam); *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam).

A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995) (per curiam). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)).

Dismissal for failure to state a claim under § 1915A is analyzed under the same standard as dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Legate v. Livingston*, 822 F.3d 207, 209-10 (5th Cir. 2016) (citing *Ruiz*, 160 F.3d at 275). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiff must allege facts sufficient to "raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). The court must accept as true all well-pleaded facts contained in Plaintiff's Complaint and view them in the light most favorable to Plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (citing *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992)).

"It is well-established that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Mizzel*, 361 F. App'x 622, 627 n.19 (5th Cir. 2010) (per curiam) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir.2002)) (citations and quotation marks omitted). However, regardless of whether the plaintiff is proceeding *pro se*, conclusory allegations or legal conclusions will not suffice to prevent dismissal. *Iqbal*, 556 U.S. at 662.

## III. ANALYSIS

### a. Venue and Jurisdiction

As will be outlined within this Report and Recommendation, Plaintiff is alleging a constitutional violation as to the conditions of confinement at the Carrizales-Rucker County Detention Center in Cameron County, Texas, pursuant to section 1983 of title 42; therefore, the court has subject matter jurisdiction as to the federal question at issue. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States.").

Venue is proper because the allegations leading to said lawsuit occurred within this judicial district. 28 U.S.C. § 124(b) (outlining the composition of the Southern District of Texas); 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in ... (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... .").

### b. Plaintiff's Claim

Plaintiff alleges that being kept in a contaminated cell for several days violates his constitutional rights. (Dkt. No. 6 at 4.) While not explicitly stated within the Amended Complaint, Plaintiff is alleging a constitutional violation under 42 U.S.C. § 1983 based on inhumane conditions of confinement. (*See generally*, Dkt. No. 6); *Perez v. United States*, 312 F.3d 191, 194-95 & n.13 (5th Cir. 2002) (noting that "courts have adopted the rule that a *pro se* plaintiff's pleadings are liberally construed.").

At time of the alleged incident, September 2021, Plaintiff was being held as pretrial detainee in Cameron County pending state prosecution. *See* Texas Dep't of Crim. Justice, Inmate Information Details, https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=10686393

(last visited June 5, 2023) (indicating date of sentence November 17, 2022).[3] Thus, Plaintiff is bringing forth a claim as a pretrial detainee as to the conditions of the confinement under the Fourteenth Amendment. Further, Plaintiff has filed his complaint against Cameron County and the Carrizales-Rucker County Detention Center; however, the latter is a non-jural entity incapable of being sued. *Smith v. Tom Green Cnty. Jail*, No. 6:17-CV-0055-BL, 2018 WL 3873665, at *8 (N.D. Tex. Aug. 15, 2018) (finding that the Tom Green County Jail lacks a separate legal existence and dismissing claims against it as frivolous); *Edwards v. Dallas Cnty. Jail Med. Dep't*, No. 3:07-CV-0886-G, 2007 WL 2687615, at *2 (N.D. Tex. Sep. 13, 2007) (noting that "[f]ederal courts in this district [Fifth Circuit] have uniformly held that entities without a separate jural existence are not subject to suit."). However, this court broadly construes the claim alleged to be pleaded against officials at the jail facilities in their official capacities. *Perez*, 312 F.3d at 194-95 & n.13. Therefore, because a claim against jail officials in their official capacities is treated as a claim against the county, the merit of such claim will be addressed in this matter as a claim against Cameron County. *Brooks v. George Co.*, 84 F.3d 157, 165 (5th Cir. 1996) (citing *Hafer v. Melo*, 502 U.S. 21, 23-27 (1992)); *see, e.g., Avila v. Garza*, No. 1:21-CV-056, 2021 WL 6503715, at *4, *6 (S.D. Tex. Dec. 2, 2021), *report and rec. adopted*, No. 1:21-CV-00056, 2022 WL 161326 (S.D. Tex. Jan. 8, 2022).

---

[3] *See* Fed. R. Civ. P. 201(b),(c)(1) (allowing a court to take judicial notice of a fact that is not subject to reasonable dispute because it is generally known within the trial court's jurisdiction or can be "readily determined from sources whose accuracy cannot reasonably be questioned"); *cf. Garza v. Stephens*, No. CV M-15-230, 2016 WL 1622612, at *2 (S.D. Tex. Mar. 28, 2016), *report and rec. adopted*, No. 7:15-CV-230, 2016 WL 1629361 (S.D. Tex. Apr. 22, 2016) (taking judicial notice of information from public search of TDCJ website supporting conclusion that petitioner's sentences had been discharged). *See also Alejandra Yañez, Valley man sentenced to 50 years for sexual abusing child for 12 years*, ValleyCentral.com, (Nov. 18, 2022 7:39 PM) (news article of state court proceedings involving Plaintiff), https://www.valleycentral.com/news/local-news/cameron-county-man-sentenced-to-50-years-in-prison-for-grooming-child-for-12-years/#:~:text=Pedro%20Oscar%20Castillo%2C%20Jr.%20was%20found%20guilty%20of,release%20from%20the%20Cameron%20County%20District%20Attorney%E2%80%99s%20Office.

8

Therefore, what Plaintiff has set out within his filings is a "conditions of confinement" claim as a pretrial detainee against Cameron County under the Fourteenth Amendment of the United States Constitution.

### c. Municipal Liability Under Section 1983

Section 1983, in and of itself, is not "a source of substantive rights," but provides "a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To establish a cause of action under section 1983, a plaintiff needs to establish "(1) that he has been deprived of a right secured by the Constitution and laws of the United States; and (2) that the persons depriving him of this right acted 'under color of any statute' of the state." *Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1990) (quoting *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988)) (internal quotes omitted).

To find municipal liability under section 1983, a plaintiff must allege facts showing: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Ratliff v. Aransas Cnty., Tex*, 948 F.3d 281, 285 (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "Section 1983 does not create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Further, a municipality cannot be held liable under section 1983 without showing a custom or policy violating the plaintiff's constitutional rights. *Hudson v. City of Laurel*, 290 F. App'x 748, 749 (5th Cir. 2008) (per curiam). "[I]solated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski*, 237 F.3d at 578 (citations omitted).

"Because a state may not punish a pretrial detainee, conditions of confinement for such an inmate that amounts to 'punishment' violate the Constitution." *Duvall v. Dallas Cnty., Tex.*, 631

F.3d 203, 206 (5th Cir. 2011). To this end, if a condition or restriction within the facility "is reasonably related to a legitimate governmental objective, it does not, without more amount to punishment." *Id.* at 207 (quoting *Bell v. Wolfish*, 441 U.S. 520, 539 (1979)).

As clarified by the Fifth Circuit in *Duvall*:

> We addressed this issue, *en banc*, in *Hare v. City of Corinth*, [74 F.3d 633 (5th Cir. 1996) (en banc)] making clear that a plaintiff must show deliberate indifference on the part of the municipality only in a case in which the constitutional violation resulted from an episodic act or omission of a state actor. In cases like Duvall's, that are grounded in unconstitutional conditions of confinement, the plaintiff need only show that such a condition, which is alleged to be the cause of a constitutional violation, has no reasonable relationship to a legitimate governmental interest.

*Id.* In other words, a municipality may be held responsible under the Fourteenth Amendment for a constitutional violation against a pretrial detainee either under a claim of "an episodic-act-or-omission of a state actor," or, alternatively, under a claim of "unconditional conditions of confinement."

To prevail under a conditions of confinement claim against a municipality under *Monell*, there are three elements that must be established: (1) a rule or restriction or an identifiable practice or, alternatively, acts or omissions by jail officials that are "extended or persuasive"; (2) said rule, restriction, practice, act, or omission "was not reasonably related to a legitimate government objective;" and (3) said rule, restriction, practice, act, or omission caused "the violation of [a detainee's] constitutional rights." *Estate of Bonilla by & through Bonilla v. Orange Cnty., Tex.*, 982 F.3d 298, 308-09 (5th Cir. 2020) (citations omitted); *see also Duvall*, 631 F.3d at 207. Under this standard, a plaintiff must show that the condition was more than a *de minimis* violation. *Duvall*, 631 F.3d at 208. Further, a plaintiff "challenging jail conditions must demonstrate a pervasive pattern of serious deficiencies in providing for his basic human needs; any lesser showing cannot provide punishment in violation of the detainee's Due Process rights." *Estate of*

10

*Bonilla*, 982 F.2d at 309 (*quoting Shepard v. Dallas Cnty.*, 591 F.3d 445, 454 (5th Cir. 2009)); *see also Duvall*, 631 F.3d at 208 (same).

To establish liability under an "episodic-act-or-omission claim," a plaintiff must establish "(1) that the municipal employee violated the pretrial detainee's clearly established constitutional rights with subjective deliberate indifference; and (2) that this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference." *Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019) (internal quotations and citations omitted); *see also Peña Arita v. United States*, 470 F. Supp. 3d 663, 707 (S.D. Tex. 2020) (same).

A plaintiff may plead both theories in the alternative for a court to consider. *Peña Arita*, 470 F. Supp. 3d at 706-7; *see also Mathis v. Sw. Corr., LLC*, No. 5:20CV146-RWS-CMC, 2021 WL 5088276, at *8 (E.D. Tex. June 15, 2021). A theory under an episodic act is applicable "in which a particular actor is 'interposed' between the injured party and the municipal defendant[.]" *Garza*, 922 F.3d at 633. For example, if the theory of liability is based on an act, or omission, by a jail officer or official, it will fall within a claim under "episodic-acts-or-omissions." *Id.*; *see also Estate of Henson v. Wichita Cnty., Tex.*, 795 F.3d 456, 463 (5th Cir. 2015) ("An episodic-acts-or-omissions claim . . . faults specific jail officials for their acts or omissions.") (citation omitted). On the other hand, "[p]rior conditions cases have concerned durable restraints or impositions on inmates' lives like overcrowding, deprivation of phone or mail privileges, the use of disciplinary segregation, or excessive heat." *Garza*, 922 F.3d at 633-34 (citing *Yates v. Collier*, 868 F.3d 354, 360 (5th Cir. 2017) (heat) and *Scott v. Moore*, 114 F.3d 51, 53 & n.2 (5th Cir. 1997) (en banc) (collecting cases)).

Considering Plaintiff is proceeding *pro se* and his filings are subject to liberal construction, both theories will be considered to see if a claim has been set forth that would allow Plaintiff to

proceed forward with his Amended Complaint. *Cf. Russell v. Carrillo*, No. CV B-11-143, 2015 WL 13797990, at *6 (S.D. Tex. Dec. 14, 2015) ("[D]istingushing a conditions of confinement claim from an episodic-acts-or-omissions claim can be difficult.") (citation omitted).

### d. Conditions of Confinement

The undersigned believes that Plaintiff is clearly challenging the conditions of confinement against Cameron County in regard to the operation of the Carrizales-Rucker Detention Center. Throughout the filings, Plaintiff references various jail officials and their role but does not list them as defendants or request that the court find liability for the unsanitary conditions. *See generally* Dkt. Nos. 6, 28. As noted, "[w]here a pre-trial detainee challenges the conditions of his confinement against a municipality, 'the proper inquire is whether those conditions amount to punishment of the detainee.'" *Hogan v. Bexar Cnty.*, No. SA-19-CV-00255-DAE, 2021 WL 1667130, at * 6 (W.D. Tex. Apr. 27, 2021) (quoting *Bell*, 441 U.S. at 535).

Unfortunately for Plaintiff, the pleadings, taken true for this review, do not set forth such a claim because Plaintiff has not set out a "pervasive pattern of serious deficiencies" by the county facility in providing for Plaintiff's "basic human needs." *See Estate of Bonilla*, 982 F.2d at 309. While Plaintiff has established an unclean cell, Plaintiff has not established a pattern of being placed in such jail cells. Further, while he noted other cells were unsanitary, none were to the extent as cell A6-186. Nor has Plaintiff set out that he suffered any serious injuries or health conditions from being placed in the cell for four days. *See Salinas v. Ramos*, No. 5:19-CV-150, 2023 WL 2386886, at *5 (S.D. Tex. Mar. 6, 2023) (holding that plaintiff's "six-day stay in four unhabitable cells does not plausibly establish a pervasive pattern"); *Hogan*, 2021 WL 1667130, at *7 (holding that complaints about "isolated incidents of plumbing and running water issues and one incident of alleged sexual harassment by a deputy ... are insufficient to properly plead a

conditions of confinement claim."). Thus, Plaintiff has not stated facts giving rise to municipal liability under a conditions of confinement theory.

### e. Episodic Acts or Omissions

If one were to consider Plaintiff's pleadings under "episodic-acts-or-omissions" theory, the facts alleged still would not establish a constitutional claim. As noted, to establish a constitutional violation under this theory, a plaintiff must prove "that the municipal employee violated the pretrial detainee's clearly established constitutional rights with subjective deliberate indifference[.]" *Garza*, 922 F.3d at 626; *see also Hogan*, 2021 WL 1667130, at *7. To satisfy this subjective component, Plaintiff must establish that the jail official acted with deliberate indifference towards a substantial risk of serious harm to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Johnson v. Anderson*, 255 F. App'x 851, 853 (5th Cir. 2007) (per curiam). Under this standard a jail official will only be subject to liability for denying an inmate humane conditions of confinement, where the official knows of and disregards an excessive risk to inmate health and safety. *Farmer*, 511 U.S. at 837. This requires the official to "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. Thus, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id*. at 838.

Plaintiff does not show that the jail officers and guards acted with deliberate indifference regarding his constitutional rights. Plaintiff details multiple complaints made to several different guards over the course of three to four days, and the guards reasonably acted in response to Plaintiff's complaints. In fact, the guards responded by both investigating and removing Plaintiff from the unsanitary cell following his complaints. Although Plaintiff would have obviously preferred a quicker response in remedying the conditions, "a briefly delayed, yet reasonable

response does not constitute deliberate indifference." *Johnson*, 255 F. App'x at 853. The facts alleged by Plaintiff and assumed true for this analysis may establish that the jail officials were negligent in their initial response by not removing Plaintiff within the first notice of the complaint, but such negligence is insufficient to establish that the officials acted with deliberate indifference to Plaintiff's confinement. *Id.*; *see also Farmer*, 511 U.S. at 835 (noting that liability under "deliberate indifference entails something more than mere negligence," but "is satisfied by something less than acts or omission for the very purpose of causing harm or with knowledge that harm will result.").

The other requirement or element under "episodic-acts-or-omissions" is that a plaintiff must establish that "this violation resulted from a municipal policy or custom adopted and maintained with objective deliberate indifference." *Garza*, 922 F.3d at 634. In other words, a plaintiff needs to "show either written policy statements, ordinances, or regulations or a widespread practice that is so common and well-settled as to … fairly represent[ ] municipal policy that was the moving force behind the violation." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 728 (5th Cir. 2020) (internal quotation marks and citations omitted). In this matter, Plaintiff has not identified any policy that subjugated him to the unclean jail cell or widespread practice of subjugating others to such a jail cell. Citation to his own mistreatment is not sufficient to establish such policy. *See Hogan*, 2021 WL 1667130, at *7 ("A municipality is almost never liable for an isolated unconstitutional action on the part of an employee.") (quoting *Sanchez v. Young Cnty.*, 866 F.3d 274, 278 (5th Cir. 2017)); *see also Avila*, 2021 WL 6503715, at *6 (dismissing claim, in part, due to plaintiff's failure to identify policy or custom that was moving force that led to constitutional violation); *Russell*, 2015 WL 13797990, at *9 (same).

Thus, Plaintiff has failed to state claim under an "episodic-acts-or-omission" theory.

14

### f. Summary

While the condition of Plaintiff's cell, namely the 77 feces stains on the ceiling, is unfortunate, the facts as alleged do not state a constitutional claim under the Fourteenth Amendment either under a conditions of confinement theory, or, in the alternative, an "episodic-acts-or-omissions" theory and thus said petition should be dismissed with prejudice.

## IV. OPPORTUNITY TO AMEND

"Before dismissing a pro se litigant's case for failure to state a claim, a district court ordinarily must provide an opportunity to amend the complaint to remedy the deficiencies." *Johnson v. Russ*, No. 20-30497, 2021 WL 4768371, at *1 (5th Cir. 2021) (per curiam) (reviewing dismissal per section 1915(e) and 1915A of title 28) (citing *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016)); *see also Eason v. Tower*, 14 F.3d 8, 9 (5th Cir. 1994) (considering whether the opportunity for further factual development would have allowed the plaintiff to present a nonfrivolous section 1983 claim). Yet, that opportunity is not necessary "when the legal theory upon which a complaint relies is 'indisputably meritless.'" *Johnson*, 2021 WL 4768371, at *1 (quoting *Eason*, 14 F.3d at 9 n.5). "Further, sua sponte dismissal without notice may be permissible 'if the dismissal is without prejudice, or if the plaintiff has alleged his best case.'" *Id.* (quoting *Brown*, 829 F.3d at 370).[4]

Plaintiff has laid out the issues and conditions experienced regarding his confinement at Carrizales-Rucker Detention Center in the Amended Complaint and responses to the court's supplemental questions. Plaintiff has also articulated how officials within the detention center responded by acknowledging the issue and eventually removing Plaintiff from the contaminated

---

[4] *But see Jones v. Stringfellow*, 86 F. App'x 5, 6 (5th Cir. 2003) (per curiam) ("Section 1915A contains no requirement for giving notice to the plaintiff of impeding dismissal." (citing 28 U.S.C. § 1915A and *Martin v. Scott*, 156 F.3d 578, 580 n.2 (5th Cir. 1998)).

cell. Thus, the undersigned concludes that Plaintiff has pleaded his best case against the county and related jail officials involved and no further amendment or clarification is needed in addressing the matter. *See Brewster v. Dretke*, 587 F.3d 764, 767-78 (5th Cir. 2009) (per curiam).

Stated differently, providing Plaintiff another opportunity to amend would be futile as Plaintiff has clearly set out all of the facts and circumstances relevant to this civil rights complaint and there is no need for further clarification of the claims presented.[5]

## CONCLUSION

The undersigned concludes that Plaintiff has failed to state a cognizable constitutional claim as to the conditions of his confinement under the Fourteenth Amendment against either Cameron County or related jail officials for noted reasons and thus recommends all claims be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A.

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual

---

[5] *Cf. Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (noting that leave to amend requested per Federal Rule of Civil Procedure 15(a) does not need to be "freely" granted if such leave would be futile) (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000)).

findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

      **SIGNED** at McAllen, Texas, this 7th day of June 2023.

                                                                                    _____
                                                                                             Juan F. Alanis
                                                                               United States Magistrate Judge